## IN THE UNITED STATES BANKRUPTCY COURT FOR
## THE DISTRICT OF PUERTO RICO

IN RE:

3RD GENERATION ENTERPRISES,
INC.

                    Debtor(s)

CASE NO.  15-00258

Chapter 11


FILED & ENTERED ON 01/29/2015

## ORDER

Debtor's Urgent Motion filed on 1/29/2015 [Dkt. No. 7] is DENIED for the reasons set forth below.

Debtor filed his bankruptcy case on January 20, 2015. By means of this Motion, the Debtor is requesting that the court make three rulings as part of a bridge order: (1) determine that the amount being offered by the Debtor to two utility companies is acceptable as adequate assurance of future performance, (2) prohibit the utilities from discontinuing, altering or refusing service to the Debtor, and (3) establish procedures for the utility companies to follow to determine requests for additional assurance.

The merits of Debtor's request turns on Section 366 of the Bankruptcy Code. This Section lays out the rights and obligations of debtors seeking to retain utility services after filing a bankruptcy petition. In relevant part, Section 366 provides:

> (a) Except as provided in subsection (b) of this section, a utility may not alter, refuse, or discontinue service to, or discriminate against, the trustee or the debtor  solely on the basis of the commencement of a case under this title or that a debt owed by the debtor to such utility for service rendered before the order for relief was not paid when due.

> (b) Such utility may alter, refuse, or discontinue service if neither the trustee

nor the debtor, within 20 days after the date of the order for relief, furnishes adequate assurance of payment, in the form of a deposit or other security, for service after such date. On request of a party in interest and after notice and a hearing, the court may order reasonable modification of the amount of the deposit or other security necessary to provide adequate assurance of payment.

(c)(1)...

(2) Subject to paragraphs (3) and (4), with respect to a case filed under chapter 11, a utility referred to in subsection (a) may alter, refuse, or discontinue utility service, if during the 30–day period beginning on the date of the filing of the petition, the utility does not receive from the debtor or the trustee adequate assurance of payment for utility service that is satisfactory to the utility.

(3)(A) On request of a party in interest and after notice and a hearing, the court may order modification of the amount of an assurance of payment under paragraph (2).

11 U.S.C. § 366.

Section 366(a)'s prohibition power as set forth above is not absolute. Rather, this prohibition is carefully balanced and is limited by Section 366(b)'s requirement that the trustee or debtor furnish "adequate assurance of payment" for post-petition service to the utility within thirty (30) days after the filing of the petition.[1] The plain language of Section 366(c)(2) makes clear that a Chapter 11 debtor must first furnish adequate assurance of payment that is satisfactory to the utility. In re Viking Offshore (USA) Inc., 2008 WL 782449 (Bkrtcy.S.D.Tex). The position Debtor advocates, as to the two entities Debtor has identified and any other utilities identified in the future, would reverse that statutory provision, requiring that the court establish the amount of adequate assurance to be paid before the thirty (30) days have expired. The utility provider's determination of satisfactory assurance of payment is controlling unless the court, pursuant to Section 366(c)(3)(A) orders a modification. In

---

[1] Although it does not specifically so state, Section 366(c)(2), rather than Section 366(b), appears to govern the provision of adequate assurance in chapter 11 cases. [Vol. 3] Collier On Bankruptcy ¶ 366.03 (Alan N. Resnick & Henry J. Sommer eds., 16th ed).

re Haven Eldercare, LLC, 2008 WL 139543 (Bkrtcy.D.Conn).

Debtors assert that the relief they are seeking to establish procedures for utilities to modify the amount of adequate assurance received by Debtor can be granted under Section 366(c)(3)(A), which permits the court, on request of a party in interest and after notice and a hearing, to order a modification in the amount of adequate assurance. However, this Court finds that neither Section 105(a) nor Section 366(c)(3)(A) may be used to eliminate entirely the requirement in Section 366(c)(2) that a Debtor *first* provide adequate assurance of payment to the utility *before* a modification request is brought to the court. Section 366(c)(2) requires that the provision of adequate assurance must be "satisfactory to the utility." The structure of Section 366 is such that, if Debtors are unable to provide an offer of adequate assurance satisfactory to the utility, the utility may insist on a different amount, subject to a determination by the court. The relief requested by Debtor seeks to reverse that burden, by making an advance determination that the proposed assurance is adequate.

SO ORDERED

San Juan, Puerto Rico, this 29th day of January, 2015.

Brian K. Tester
U.S. Bankruptcy Judge